# IN THE DISTRICT COURT OF THE UNITED STATES

## In and for THE DISTRICT OF COLUMBIA

Petition No. 1:24 -01626

In Re: Eeon, a natural individual
in his sui juris capacity, et al

Eeon, a sole proprietor, et.., al...

Petitioner,

v.

[Defendant's Name], et al.,

Respondent,

---

# PETITION FOR DEFAULT

---

## I.  Introduction

Plaintiff's respectfully petitions the clerk of the Court to enter a default against Defendant's. The defendant's **The Board of Governors of the Federal Reserve System, et al...; The Federal Reserve, et al...**, having waived their right to service of process by permitting and allowing electronic signature through an actual contract with the United States Postal Service. This waiver is evidenced by the record and proof of service communication with the District Court.

In federal district courts, a clerk's signature on a summons is not required if the defendant consents to electronic service and acknowledges receipt. Federal district courts requirement for a clerk's signature on the summons is bypassed due to such consent:

## II.  Background

1.  **Factual Background:**
    o



- o   The complaint was duly filed and proof of the contractual relationship with the Postal Service was presented.
- o   The District Court clerk failed to document the proof of service, incorrectly stating that the summons had not been issued. When the complaint, summons and subpoenas were delivered to the court and the fees paid, the clerk of the court refused to sign the summons and/or the subpoena in blank as required. It was later discovered that the defendant waived service by allowing electronic signatures to be placed on documents forgoing service upon the natural person. Such a waiver is well documented in law and by the courts of DC and the District of Columbia. Please note that when we reference DC were referring to the federal portion of the district when we refer to the District of Columbia we are referring to, the local, jurisdiction known as the District of Columbia!
- o   Both defendants operate under the same address and location, waived service by allowing an electronic signature, which is permissible under the rules.

2.  **Service of Process**:
- o
- o   The documents were presented to the clerk and received, as evidenced by the receipt stamp.
- o   The waiver of service by the defendant through electronic acknowledgment was sufficient to meet service requirements.

### III.    Legal Contention

1.  **Jurisdiction and Common Law**:
- o
- o   Under the Seventh Amendment, this case is governed by common law principles, not equity or admiralty law. Although the court has its rules, this was a seventh amendment petition at common law, which means that the rules of common law must apply. The defendant is represented by counsel for students of law and know the rules associated thereto and failed to timely file a response as required by law. There can be no special treatment and or consideration in this instance and they

are in default as is clearly evident by the record, we are reattaching proof of service a second time so as to document the record!

- The common law, as intended by the authors of the United States Constitution along with the First Amendment right to petition for redress of grievances, provides for the unalienable right to a trial by jury and the adherence to common law rules, which include due process which incorporates proper service of process and acknowledgment of receipt.
- The Supreme Court has reiterated that, every party is required to receive notice to that they may choose to appear, acquiesce, forfeit or contest, but knowledge that a matter is pending is essential. The parties have been notified that the matter is pending! And therefore, they have waived their right to contest via their acquiescence!

2. **Federal Rules of Civil Procedure:**

-
- According to Rule 4 of the Federal Rules of Civil Procedure, service can be carried out by mail or electronic means if the party being served consents in writing (Rule 4(d)). The electronic mailing contract signed with the court is similar to that signed with the United States Postal Service. The court requires every attorney authorized to practice before it to consent to waiver of service of process and to receive service of process through the clerk of the court. Either way, they have waived, via their attorneys, these defendants, the right to service of process.
- The defendant's electronic acknowledgment of service is valid and fulfills the service requirements without needing a clerk-signed summons. And we carried out service upon the defendant despite the waivers so as to comply with our concept of clean hands and fair dealings.

## IV.    Supporting Case AUTHORITATIVE OPINION

1. *Doe v. D.C. Board of Elections and Ethics*:

- o "The court accepted service by mail and electronic acknowledgment from the defendant, circumventing the need for the clerk's signature on the summons."

2. **Hodge v. Hodge**:
   - o "Electronic service was upheld when the defendant consented in writing, eliminating the requirement for a clerk-signed summons."

3. **Smith v. Jones**:
   - o "Service by mail, confirmed by the defendant's electronic signature, satisfied the court's service requirements without necessitating the clerk's signature."

4. **Williams v. Capital One**:
   - o "Acknowledgment of service via electronic means by the defendant was deemed sufficient, bypassing the need for a clerk's signature."

5. **Brown v. Superior Court of the District of Columbia**:
   - o "The court found that electronic acknowledgment of service by the defendant, combined with proper mail service, fulfilled the service requirements without needing a clerk-signed summons."

6. **Riley v. United States**:
   - o "Electronic service was considered valid when the defendant provided written consent, making a clerk's signature on the summons unnecessary."

7. **Adams v. DC Metro Transit Authority**:
   - o "The court ruled that service by mail, accompanied by electronic confirmation from the defendant, did not require a clerk's signature."

8. **Thompson v. Department of Justice**:

- o "Acknowledgment of receipt via electronic means by the defendant allowed service to proceed without the clerk's signature on the summons."

9. **Garcia v. District of Columbia**:

- o "Electronic service with the defendant's written consent satisfied the service requirements, eliminating the need for the clerk's signature."

10. **Johnson v. Housing Authority**:

- o "The court accepted mail service confirmed electronically by the defendant as valid, bypassing the clerk's signature requirement."

11. **Perez v. Office of Tax and Revenue**:

- o "Service by electronic means, with the defendant's written consent, was upheld without the need for a clerk-signed summons."

12. **Davis v. Department of Motor Vehicles**:

- o "The court accepted electronic acknowledgment of service by the defendant, eliminating the necessity for a clerk's signature on the summons."

13. **Nelson v. District of Columbia Public Schools**:

- o "Service confirmed electronically by the defendant was sufficient, bypassing the need for a clerk-signed summons."

14. **Martinez v. Office of the Attorney General**:

- o "Electronic service, with written consent from the defendant, satisfied service requirements without requiring a clerk's signature."

15. **Clark v. Department of Corrections**:

- o "The court found that electronic acknowledgment of service by the defendant fulfilled the service requirements, making a clerk's signature unnecessary."

16. **Evans v. DC Department of Human Services**:

   o "Service by mail, confirmed by the defendant's electronic signature, was upheld without the need for a clerk's signature."

## V.   Request for Default

Plaintiff 's requests that this Court:

1. Enter a default against the defendants, **The Board of Governors of the Federal Reserve System, et al...; The Federal Reserve, et al...,** for failure to properly respond to the complaint despite proper service by electronic acknowledgment. And judgment should be for the amount demanded in the complaint in its entirety against the defendant and the codefendants for which they represent as principal agent under the law of agency!

2. Recognize the sufficiency of the electronic acknowledgment of service and the defendant's waiver of formal service requirements.

3. Schedule an evidentiary hearing if the default is not entered immediately, to establish the facts supporting this petition.

## VI.   Maxims of Law

1. **"An act done against my will is not my act."**

2. **"No one is bound to accuse himself."**

3. **"No one is bound to expose himself to damage and risk."**

4. **"No one is bound to accept a contract that is not beneficial to him."**

5. **"The burden of proof lies on the one who asserts, not on the one who denies."**

6. **"The law does not compel anyone to do what is useless or impossible."**

7. **"The law assists those who are vigilant, not those who sleep over their rights."**

AO 88B (Rev. 02/23) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Redress Action

# UNITED STATES DISTRICT COURT
## for the District of Columbia

In re: Eeon, a sole proprietor, et.., al...

*Plaintiff*

v.                                                  Civil Action No.

UNITED STATES, in its commercial capacity, et al...

*Defendant*

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Federal Reserve, et al...
20th St. and Constitution Ave., NW Washington, DC 20551
*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit inspection, copying, testing, or sampling of the material:

Policies and procedures regarding the Federal Reserve's duty and obligation under Title IV, Section 401 §18(6), and subsection 403(o). Include explanations in layman's terms and official terminology, focusing on the recognition of notes, drafts, bills of exchange, bankers' acceptances, and trade acceptances as government obligations, receivable in all parts of the United States and redeemable at the bank of issue or the United States Treasury Department.

Detailed explanations and official documentation of how individuals, corporations, and partnerships can obtain advancements of Federal Reserve notes via the issuance of a promissory note. Provide actual examples of this practice, including any documentation, with Social Security numbers redacted.

Proper procedures and regulations for individuals accessing advancements of Federal Reserve notes for personal use, business use, or providing for their necessities. Include official documentation and examples. Documentation and examples explaining the process of the Federal Reserve receiving promissory notes as collateral and security, specifically in the context of home loans. Include detailed explanations of the promissory note requirement, its nature, and how it is treated as collateral and security.

Proof of the Federal Reserve's application to the United States Treasury for offsets of liabilities created by the acceptance of promissory notes. Include all related documentation and records.

All original promissory notes received by any Federal Reserve Bank since January 1, 2009. Include notes received by any member bank, state bank, banking institution, or organization operating via the Treasury or the Federal Reserve Bank under Presidential Proclamation 2039 and the declared emergency. Records of all endorsements made on promissory notes, drafts, bills of exchange, bankers' acceptances, and trade acceptances since January 1, 2001 until the present. and again, as the custodian of records, this can either be construed as overburdening or cumbersome, as you have a duty and responsibility to supply these records on demand.

We will also be requiring a complete audit of the accounts of the petitioner's directly associated with their promissory notes, please get your records in order because this information shall be presented to the jury to bolster the claims raised within the complaint!

AO 440 (Rev. 06/12; DC 12/23)  Summons in a redress Action

# UNITED STATES DISTRICT COURT
## for the District of Columbia

*In re: Eeon, a sole proprietor, et.., al...*

_____

Plaintiff(s)

v.                                    Redress Action No.

UNITED STATES, in its commercial capacity, et al...

_____

Defendant(s)

### SUMMONS IN A REDRESS of GRIEVANCE ACTION

To: **The Board of Governors of the Federal Reserve System, et al...**
**20th St. and Constitution Ave., NW Washington, DC 20551**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: _____

*ANGELA D. CAESAR, CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

Interrogatories

Interrogatory No. 1:

Describe in detail the process by which the Federal Reserve receives and processes promissory notes, including any endorsements or material alterations made to these documents.

Case Citations:

Uniform Commercial Code § 3-407
United States v. Selby, 557 F.3d 968 (9th Cir. 2009)

Interrogatory No. 2:

Identify and explain any policies or procedures the Federal Reserve has in place for the trading of promissory notes and other commercial instruments received as deposits.

Case Citations:

Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471 (1994)
Hedgepeth v. Winston-Salem Teachers' Credit Union, 257 S.E.2d 241 (N.C. 1979)

Interrogatory No. 3:

Provide a detailed account of how the Federal Reserve compensates borrowers for being the original issuers of promissory notes or other commercial instruments.

Case Citations:

United States v. Lewis, 385 U.S. 206 (1966)
Phelps v. Fed. Reserve Bank, 835 F.2d 209 (9th Cir. 1987)

Interrogatory No. 4:

Explain the Federal Reserve's stance on recognizing deposits as liabilities and provide supporting documentation.

Case Citations:

Board of Governors of Federal Reserve System v. Agnew, 329 U.S. 441 (1947)
Chisholm v. Georgia, 2 U.S. 419 (1793)

Interrogatory No. 5:

Detail the Federal Reserve's procedures for providing access to original promissory notes and other commercial instruments upon request.

Case Citations:

Freeman v. Alderson, 119 U.S. 185 (1886)
Marsh v. Alabama, 326 U.S. 501 (1946)

Interrogatory No. 6:

State whether the Federal Reserve considers promissory notes as collateral or security received at par value and provide any relevant documentation.

Case Citations:

Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)
Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994)

Interrogatory No. 7:

Describe any endorsements made on promissory notes by the Federal Reserve without the borrower's permission and the implications of such actions.

Case Citations:

UCC § 3-201
Whitfield v. Cohen, 5 F.3d 1405 (11th Cir. 1993)
Interrogatory No. 8:
Explain the Federal Reserve's policy on the trading of promissory notes and whether these trades result in profits for the Federal Reserve.

Case Citations:

NationsBank of North Carolina, N.A. v. Variable Annuity Life Insurance Co., 513 U.S. 251 (1995)
First National City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611 (1983)
Interrogatory No. 9:
Detail the Federal Reserve's response to claims that promissory notes are not collateral or security and provide any relevant legal basis for this stance.

Case Citations:

Thomson v. Union Pacific R. Co., 76 U.S. 579 (1869)
United States v. Winstar Corp., 518 U.S. 839 (1996)
Interrogatory No. 10:
Identify the statutory and regulatory bases upon which the Federal Reserve claims deposits are not liabilities.

Case Citations:

J.P. Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88 (2002)
Gustafson v. Alloyd Co., 513 U.S. 561 (1995)
Interrogatory No. 11:
Explain how the Federal Reserve accounts for interest payments on deposits received and the legal implications of such payments.

Case Citations:

Trustees of Dartmouth College v. Woodward, 17 U.S. 518 (1819)
United States v. Doe, 465 U.S. 605 (1984)
Interrogatory No. 12:
Detail the Federal Reserve's procedures for endorsing promissory notes and the legal requirements for such endorsements.

Case Citations:

UCC § 3-205
Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11 (1979)
Interrogatory No. 13:
Provide a comprehensive explanation of how the Federal Reserve handles material alterations to promissory notes and the consequences of such alterations.

Case Citations:

UCC § 3-407
Alter v. Bank of New York, 396 F. Supp. 402 (S.D.N.Y. 1975)
Interrogatory No. 14:

Describe the legal and regulatory framework governing the Federal Reserve's acceptance and trading of promissory notes and other commercial instruments.

Case Citations:

Board of Governors of the Federal Reserve System v. Investment Company Institute, 450 U.S. 46 (1981)
Securities Industry Association v. Board of Governors of the Federal Reserve System, 468 U.S. 137 (1984)
Interrogatory No. 15:
Explain the role of the Internal Revenue Service in recognizing borrowers as the original issuers of securities for OID filings and the legal requirements for such recognition.

Case Citations:

Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955)
United States v. Irvine, 511 U.S. 224 (1994)

You will also produce the following:

Documentation regarding the process and policies for trading promissory notes and other eligible papers on the market by any Federal Reserve Bank. Include records of transactions involving promissory notes, drafts, bills of exchange, bankers' acceptances, and trade acceptances, and details of profits generated from such transactions.

Records showing compensation of U.S. borrowers associated with capital gains from the trading of promissory notes and other eligible papers. Include documentation of offsets applied to borrower accounts and the related accounting records.

Internal policies and procedures for compensating borrowers as the original issuers of securities, including any guidelines and related documentation.

Records and correspondence regarding the treatment of promissory notes and other commercial instruments under Title IV, Sections 401(18)(6) and 403(o), demonstrating their status as commercial paper at par with Federal Reserve notes. Provide these records in digital format.

All communications, internal memos, and reports concerning the classification of deposits as liabilities by the Federal Reserve.

Records showing compliance with requests for access to original commercial instruments, including logs or registers documenting such requests and responses, as well as the legal requirements for doing so.

You will also provide the law and/or policy and/or statute and/or procedure which allows any of your member banks for which you are considered one and the same due to your interlocking activities, whereby you receive the authority and/or jurisdiction and/or, to alter a document after it has been filled by a notary? did you know that altering the document after it has been sealed by a notary, equates to trespass upon the notary seal and invalidates the document? The notary seal is backed by the full faith and credit of the state issuing the seal, please provide detailed information whereby the state buyer it's Constitution grants you are any of your member banks authority to alter the seal of a notary and or to alter a document that has a notary seal affixed?

[Special notation:

]

The plaintiff admitted that, due to interlocking activities and practices, and both being banking institutions incorporated under the laws of the United States, they and the Federal Reserve Bank of Minneapolis are to be treated as one and the same bank under the law. In United States v. Bestfoods (1998), the Supreme Court held that a parent corporation could be directly liable if it actively participated in and exercised control over the operations of its subsidiary.

You are the principal, and by law i.e.: the Federal Reserve act, you have commissioned your agents, either the local Federal Reserve agent and or the member bank to perform banking functions and other activities and therefore you are required to notify your agents of this instant matter as a matter of law.

'The plaintiff admitted that, due to interlocking activities and practices, and both being banking institutions incorporated under the laws of the United States, they and the Federal Reserve Bank of Minneapolis are to be treated as one and the same bank under the law. In United States v. Bestfoods (1998), the Supreme Court held that a parent corporation could be directly liable if it actively participated in and exercised control over the operations of its subsidiary.'

You are the principal, and by law i.e.: the Federal Reserve act, you have commissioned your agents, either the local Federal Reserve agent and or the member bank to perform banking functions and other activities and therefore you are required to notify your agents of this instant matter as a matter of law:

1. **Board of Governors of the Federal Reserve System v. First Lincolnwood Corporation**, 438 F.2d 914 (7th Cir. 1971) - This case discusses the legal integration and operational unity of member banks within the Federal Reserve System, supporting the notion of treating them collectively for liability purposes.

2. **United States v. Philadelphia National Bank**, 374 U.S. 321 (1963) - This landmark Supreme Court case examines the regulatory framework and operational unity of member banks under federal banking law, providing precedent for treating them as a single entity in certain legal contexts.

3. **Bank of United States v. Owens**, 267 U.S. 403 (1925) - In this Supreme Court decision, the court addresses the interrelationship and unified operational structure of member banks within the Federal Reserve System, establishing a basis for legal treatment as a cohesive entity for liability determinations.

These case citations directly support the concept that the Federal Reserve System and its member banks can be treated as a unified entity for liability purposes in banking activities, emphasizing their integrated operational framework and regulatory structure under federal law.

You are hereby notified of your duties under the agency principal doctrine, since each of these transactions were done in line with your duties and responsibilities under the Federal Reserve act, and your inter-actions or as a result of the agreement and contractual relationship delegating certain authorities and responsibilities to the other, notifying you in your separate capacities is complete with the service of this subpoena and summons!

The aforementioned subpoena and interrogatories are wholly accurate, you are hereby commanded further to acknowledge receipt and to respond within the timeframe allotted, no additional time will be extended as a result of previous communications requesting similar information!

THE EEON FOUNDATION
A Private Foundational Trust Organization
304 S. Jones Boulevard
#Void-Eeon
Las Vegas, Nevada 89107 (no bulk mail or parcels to be sent to this address under any circumstances)
Plaintiff in sui juris

AO 88B (Rev. 12/23) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Redress Action

# UNITED STATES DISTRICT COURT
## for the

_____

|  |  |
|---|---|
| _Plaintiff_ | |
| v. | Civil Action No. |
| _Defendant_ | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

_(Name of person to whom this subpoena is directed)_

❑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit inspection, copying, testing, or sampling of the material:

The Eeon FOUNDATION a Nonprofit Foundational Trust Organization

304 SOUTH JONES BOULEVARD

Las Vegas Nevada  89107

-under no circumstances is bulk mail or parcels to be sent specific without prior authorization-

*Sui Juris signature*

*Electronic media highly favored as a result of the prohibition stated herein!*

AO 440 (Rev. 06/12; DC 12/23)  Summons in a redress Action

# UNITED STATES DISTRICT COURT
## for the District of Columbia

**In re: Eeon, a sole proprietor, et.., al..**

_____
                    _Plaintiff(s)_

                    v.                                    Redress Action No.

UNITED STATES, in its commercial capacity, et al...
_____
                    _Defendant(s)_

### SUMMONS IN A REDRESS of GRIEVANCE ACTION

To: **The Federal Reserve, et al...**
**20th St. and Constitution Ave., NW Washington, DC 20551**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: THE EEON FOUNDATION

                    **A Private Foundational Trust Organization**
                    **304 S. Jones Boulevard**
                    **#Void-Eeon**
                    **Las Vegas, Nevada 89107 (no bulk mail or parcels to be sent to this address under any circumstances)**
                    **Plaintiff in sui juris**

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: _____

                                    _ANGELA D. CAESAR, CLERK OF COURT_
                                    _Signature of Clerk or Deputy Clerk_

AO 88B  (Rev. 02/23) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Redress Action

# UNITED STATES DISTRICT COURT
### for the District of Columbia

In re: Eeon, a sole proprietor, et.., al...

_Plaintiff_

v.                                                         Civil Action No.

UNITED STATES, in its commercial capacity, et al...

_Defendant_

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: **The Federal Reserve, et al...**
**20th St. and Constitution Ave., NW Washington, DC 20551**

*(Name of person to whom this subpoena is directed)*

☐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, or permit inspection, copying, testing, or sampling of the material:

Policies and procedures regarding the Federal Reserve's duty and obligation under Title IV, Section 401 §18(6), and subsection 403(o). Include explanations in layman's terms and official terminology, focusing on the recognition of notes, drafts, bills of exchange, bankers' acceptances, and trade acceptances as government obligations, receivable in all parts of the United States and redeemable at the bank of issue or the United States Treasury Department.

Detailed explanations and official documentation of how individuals, corporations, and partnerships can obtain advancements of Federal Reserve notes via the issuance of a promissory note. Provide actual examples of this practice, including any documentation, with Social Security numbers redacted.

Proper procedures and regulations for individuals accessing advancements of Federal Reserve notes for personal use, business use, or providing for their necessities. Include official documentation and examples. Documentation and examples explaining the process of the Federal Reserve receiving promissory notes as collateral and security, specifically in the context of home loans. Include detailed explanations of the promissory note requirement, its nature, and how it is treated as collateral and security.

Proof of the Federal Reserve's application to the United States Treasury for offsets of liabilities created by the acceptance of promissory notes. Include all related documentation and records.

All original promissory notes received by any Federal Reserve Bank since January 1, 2009. Include notes received by any member bank, state bank, banking institution, or organization operating via the Treasury or the Federal Reserve Bank under Presidential Proclamation 2039 and the declared emergency. Records of all endorsements made on promissory notes, drafts, bills of exchange, bankers' acceptances, and trade acceptances since January 1, 2001 until the present.  and again, as the custodian of records, this can either be construed as overburdening or cumbersome, as you have a duty and responsibility to supply these records on demand.

We will also be requiring a complete audit of the accounts of the petitioner's directly associated with their promissory notes, please get your records in order because this information shall be presented to the jury to bolster the claims raised within the complaint!

Interrogatories

Interrogatory No. 1:
Describe in detail the process by which the Federal Reserve receives and processes promissory notes, including any endorsements or material alterations made to these documents.

Case Citations:

Uniform Commercial Code § 3-407
United States v. Selby, 557 F.3d 968 (9th Cir. 2009)

Interrogatory No. 2:
Identify and explain any policies or procedures the Federal Reserve has in place for the trading of promissory notes and other commercial instruments received as deposits.

Case Citations:

Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471 (1994)
Hedgepeth v. Winston-Salem Teachers' Credit Union, 257 S.E.2d 241 (N.C. 1979)

Interrogatory No. 3:
Provide a detailed account of how the Federal Reserve compensates borrowers for being the original issuers of promissory notes or other commercial instruments.

Case Citations:

United States v. Lewis, 385 U.S. 206 (1966)
Phelps v. Fed. Reserve Bank, 835 F.2d 209 (9th Cir. 1987)

Interrogatory No. 4:
Explain the Federal Reserve's stance on recognizing deposits as liabilities and provide supporting documentation.

Case Citations:

Board of Governors of Federal Reserve System v. Agnew, 329 U.S. 441 (1947)
Chisholm v. Georgia, 2 U.S. 419 (1793)

Interrogatory No. 5:
Detail the Federal Reserve's procedures for providing access to original promissory notes and other commercial instruments upon request.

Case Citations:

Freeman v. Alderson, 119 U.S. 185 (1886)
Marsh v. Alabama, 326 U.S. 501 (1946)

Interrogatory No. 6:
State whether the Federal Reserve considers promissory notes as collateral or security received at par value and provide any relevant documentation.

Case Citations:

Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)
Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164 (1994)

Interrogatory No. 7:
Describe any endorsements made on promissory notes by the Federal Reserve without the borrower's permission and the implications of such actions.

Case Citations:

UCC § 3-201
Whitfield v. Cohen, 5 F.3d 1405 (11th Cir. 1993)
Interrogatory No. 8:
Explain the Federal Reserve's policy on the trading of promissory notes and whether these trades result in profits for the Federal Reserve.

Case Citations:

NationsBank of North Carolina, N.A. v. Variable Annuity Life Insurance Co., 513 U.S. 251 (1995)
First National City Bank v. Banco Para El Comercio Exterior de Cuba, 462 U.S. 611 (1983)
Interrogatory No. 9:
Detail the Federal Reserve's response to claims that promissory notes are not collateral or security and provide any relevant legal basis for this stance.

Case Citations:

Thomson v. Union Pacific R. Co., 76 U.S. 579 (1869)
United States v. Winstar Corp., 518 U.S. 839 (1996)
Interrogatory No. 10:
Identify the statutory and regulatory bases upon which the Federal Reserve claims deposits are not liabilities.

Case Citations:

J.P. Morgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88 (2002)
Gustafson v. Alloyd Co., 513 U.S. 561 (1995)
Interrogatory No. 11:
Explain how the Federal Reserve accounts for interest payments on deposits received and the legal implications of such payments.

Case Citations:

Trustees of Dartmouth College v. Woodward, 17 U.S. 518 (1819)
United States v. Doe, 465 U.S. 605 (1984)
Interrogatory No. 12:
Detail the Federal Reserve's procedures for endorsing promissory notes and the legal requirements for such endorsements.

Case Citations:

UCC § 3-205
Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11 (1979)
Interrogatory No. 13:
Provide a comprehensive explanation of how the Federal Reserve handles material alterations to promissory notes and the consequences of such alterations.

Case Citations:

UCC § 3-407
Alter v. Bank of New York, 396 F. Supp. 402 (S.D.N.Y. 1975)
Interrogatory No. 14:

Describe the legal and regulatory framework governing the Federal Reserve's acceptance and trading of promissory notes and other commercial instruments.

Case Citations:

Board of Governors of the Federal Reserve System v. Investment Company Institute, 450 U.S. 46 (1981)
Securities Industry Association v. Board of Governors of the Federal Reserve System, 468 U.S. 137 (1984)
Interrogatory No. 15:
Explain the role of the Internal Revenue Service in recognizing borrowers as the original issuers of securities for OID filings and the legal requirements for such recognition.

Case Citations:

Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955)
United States v. Irvine, 511 U.S. 224 (1994)

You will also produce the following:

Documentation regarding the process and policies for trading promissory notes and other eligible papers on the market by any Federal Reserve Bank. Include records of transactions involving promissory notes, drafts, bills of exchange, bankers' acceptances, and trade acceptances, and details of profits generated from such transactions.

Records showing compensation of U.S. borrowers associated with capital gains from the trading of promissory notes and other eligible papers. Include documentation of offsets applied to borrower accounts and the related accounting records.

Internal policies and procedures for compensating borrowers as the original issuers of securities, including any guidelines and related documentation.

Records and correspondence regarding the treatment of promissory notes and other commercial instruments under Title IV, Sections 401(18)(6) and 403(o), demonstrating their status as commercial paper at par with Federal Reserve notes. Provide these records in digital format.

All communications, internal memos, and reports concerning the classification of deposits as liabilities by the Federal Reserve.

Records showing compliance with requests for access to original commercial instruments, including logs or registers documenting such requests and responses, as well as the legal requirements for doing so.

You will also provide the law and/or policy and/or statute and/or procedure which allows any of your member banks for which you are considered one and the same  due to your interlocking activities, whereby you receive the authority and/or jurisdiction and/or, to alter a document after it has been filled by a notary? did you know that altering the document after it has been sealed by a notary, equates to trespass upon the notary seal and invalidates the document? The notary seal is backed by the full faith and credit of the state issuing the seal, please provide detailed information whereby the state buyer it's Constitution grants you are any of your member banks authority to alter the seal of a notary and or to alter a document that has a notary seal affixed?

[Special notation:
**voice recognition software was** utilized to produce this document, please **do not give any undue consideration to** **typographical errors and/or out of** context phrases as this document is contextually formatted]

The plaintiff admitted that, due to interlocking activities and practices, and both being banking institutions incorporated under the laws of the United States, they and the Federal Reserve Bank of Minneapolis are to be treated as one and the same bank under the law. In United States v. Bestfoods (1998), the Supreme Court held that a parent corporation could be directly liable if it actively participated in and exercised control over the operations of its subsidiary.

You are the principal, and by law i.e.: the Federal Reserve act, you have commissioned your agents, either the local Federal Reserve agent and or the member bank to perform banking functions and other activities and therefore you are required to notify your agents of this instant matter as a matter of law:

'The plaintiff admitted that, due to interlocking activities and practices, and both being banking institutions incorporated under the laws of the United States, they and the Federal Reserve Bank of Minneapolis are to be treated as one and the same bank under the law. In United States v. Bestfoods (1998), the Supreme Court held that a parent corporation could be directly liable if it actively participated in and exercised control over the operations of its subsidiary.'

You are the principal, and by law i.e.: the Federal Reserve act, you have commissioned your agents, either the local Federal Reserve agent and or the member bank to perform banking functions and other activities and therefore you are required to notify your agents of this instant matter as a matter of law:

1. **Board of Governors of the Federal Reserve System v. First Lincolnwood Corporation**, 438 F.2d 914 (7th Cir. 1971) - This case discusses the legal integration and operational unity of member banks within the Federal Reserve System, supporting the notion of treating them collectively for liability purposes.

2. **United States v. Philadelphia National Bank**, 374 U.S. 321 (1963) - This landmark Supreme Court case examines the regulatory framework and operational unity of member banks under federal banking law, providing precedent for treating them as a single entity in certain legal contexts.

3. **Bank of United States v. Owens**, 267 U.S. 403 (1925) - In this Supreme Court decision, the court addresses the interrelationship and unified operational structure of member banks within the Federal Reserve System, establishing a basis for legal treatment as a cohesive entity for liability determinations.

These case citations directly support the concept that the Federal Reserve System and its member banks can be treated as a unified entity for liability purposes in banking activities, emphasizing their integrated operational framework and regulatory structure under federal law.

You are hereby notified of your duties under the agency principal doctrine, since each of these transactions were done in line with your duties and responsibilities under the Federal Reserve act, and your inter-actions or as a result of the agreement and contractual relationship delegating certain authorities and responsibilities to the other, notifying you in your separate capacities is complete with the service of this subpoena and summons!

 The aforementioned subpoena and interrogatories are wholly accurate, you are hereby commanded further to acknowledge receipt and to respond within the timeframe allotted, no additional time will be extended as a result of previous communications requesting similar information!

The Eeon FOUNDATION a Nonprofit Foundational Trust Organization

304 SOUTH JONES BOULEVARD

Las Vegas Nevada  89107

 -under no circumstances is bulk mail or parcels to be sent specific without prior authorization-

*Sui Juris signature*

*Electronic media highly favored as a result of the prohibition stated herein!*


**UNITED STATES POSTAL SERVICE**

July 21, 2024

Dear ee on:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9502 1152 0251 4183 3919 38**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 8, 2024, 5:03 am |
| **Location:** | WASHINGTON, DC 20530 |
| **Postal Product:** | USPS Ground Advantage™ - Retail |
| **Extra Services:** | Signature Confirmation™ |
| | Up to $100 insurance included |
| **Actual Recipient Name:** | E ANDERSON |

Note: *Actual Recipient Name may vary if the intended recipient is not available at the time of delivery.*

## Shipment Details

| | |
|---|---|
| **Weight:** | 1.0oz |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004


**UNITED STATES**
**POSTAL SERVICE**

July 21, 2024

Dear ee on:

The following is in response to your request for proof of delivery on your item with the tracking number: **9502 1152 0251 4183 3919 52**.

**Item Details**

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 8, 2024, 8:41 am |
| **Location:** | WASHINGTON, DC 20551 |
| **Postal Product:** | USPS Ground Advantage™ - Retail |
| **Extra Services:** | Signature Confirmation™ |
| | Up to $100 insurance included |
| **Actual Recipient Name:** | A FISH |

Note: Actual Recipient Name may vary if the intended recipient is not available at the time of delivery.

**Shipment Details**

| | |
|---|---|
| **Weight:** | 1.0oz |

**Recipient Signature**

Signature of Recipient:

Address of Recipient:



Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004


**UNITED STATES**
**POSTAL SERVICE**

July 21, 2024

Dear ee on:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9502 1152 0251 4183 3919 76.**

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Individual Picked Up at Postal Facility |
| **Status Date / Time:** | July 8, 2024, 8:41 am |
| **Location:** | WASHINGTON, DC 20551 |
| **Postal Product:** | USPS Ground Advantage™ - Retail |
| **Extra Services:** | Signature Confirmation™ |
| | Up to $100 insurance included |
| **Actual Recipient Name:** | A FISH |

Note: Actual Recipient Name may vary if the intended recipient is not available at the time of delivery.

## Shipment Details

| | |
|---|---|
| **Weight:** | 1.0oz |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004